# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CORTEZ D. MCCLINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-35-CEJ |
| | ) | |
| JEFFERY CARSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of Cortez McClinton (registration no. 38789) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $5.80. *See* 28 U.S.C. ' 1915(b)(1). Furthermore, based upon a review of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. ' 1915(e)(2)(B).

### 28 U.S.C. ' 1915(b)(1)

Pursuant to 28 U.S.C. ' 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. ' 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. ' 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. ' 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $20.00, and an average monthly account balance of $3.78. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the court will assess an initial partial filing fee of $5.80, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

alternative explanations for the alleged misconduct, the court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under ' 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The Complaint

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. ' 1983, claiming violations of his Eighth and Fourteenth Amendment rights by Superintendent Jeffery Carson. In addition, plaintiff asserts state-law claims of negligence and intentional infliction of emotional distress. Plaintiff alleges that Carson "created a hazardous and unsafe living environment and conditions for [plaintiff] as well as the other occupants that is [sic] currently housed in 4C wing by placing known enemies in the same wing." Plaintiff further alleges that "[t]he reason these conditions is [sic] unsafe [is that] I don't know who is enemies with who and if I socialize with someone who has [a] beef that also make [sic] me a target because individuals believe I may be siding

with their enemy." Plaintiff claims that Carson ignored the problem after it was brought to his attention, thereby violating "federal and state statutes."

## Discussion

### A. Section 1983 Claims

Because the complaint is silent on the issue, this action is deemed to be brought against Carson in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant=s capacity, court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity=s policy or custom was responsible for the violation of his constitutional rights, the complaint fails to state a claim or cause of action under ' 1983 against Carson in his official capacity.

Additionally, plaintiff lacks standing to bring claims on behalf of other inmates, and his assertion that defendant Carson violated Missouri state statutes does not amount to a ' 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or ' 1983). Last, plaintiff's claim that defendant is placing "known enemies in the same wing" is not entitled to the assumption of truth, because it is a legal conclusion devoid of supporting facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (although liberally construed, pro se complaint must still allege sufficient facts to support claim advanced).

For these reasons, the Court will dismiss plaintiff's ' 1983 claims as legally frivolous and for failure to state a claim or cause of action, pursuant to ' 1915(e)(2)(B).

**B. Pendent Claims**

Because plaintiff's federal claims will be dismissed, his remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. ' 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank &*

*Trust Co.,* 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $5.80 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. ' 1915(e)(2)(B).

A separate order of dismissal shall accompany this memorandum and order.

Dated this 26th day of February, 2015.

_____
**UNITED STATES DISTRICT JUDGE**